JOHNSON & PHAM, LLP
Christopher D. Johnson, SBN: 222698
    E-mail: cjohnson@johnsonpham.com
Christopher Q. Pham, SBN: 206697
    E-mail: cpham@johnsonpham.com
Marcus F. Chaney, SBN:  245227
    E-mail: mchaney@johnsonpham.com
Hung Q. Pham, SBN: 276613
    E-mail: ppham@johnsonpham.com
6355 Topanga Canyon Boulevard, Suite 326
Woodland Hills, California 91367
Telephone:   (818) 888-7540
Facsimile:   (818) 888-7544

Attorneys for Plaintiff
CREE, INC.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| CREE, INC., a North Carolina Corporation,<br><br>Plaintiff,<br><br>v.<br><br>SHELTER INTERNATIONAL, INC., a California Corporation; SHELTER DISTRIBUTORS, INC., a California Corporation; LAST PUNCH, INC., a California Corporation doing business as SUNNY & OMI SALES; LIFE GEARS ACCESSORIES, INC., a California Corporation; MUHAMMAD S. ARSHAD, an Individual; MUHAMMAD I. ARSHAD, an Individual; and DOES 1-10, inclusive,<br><br>Defendants. | Case No.:  2:15-cv-9738<br><br>**COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF:**<br><br>**(1) FEDERAL TRADEMARK INFRINGEMENT [15 U.S.C. § 1114/*Lanham Act* § 32(a)];**<br>**(2) FALSE DESIGNATION OF ORIGIN/UNFAIR COMPETITION [15 U.S.C. §1125(a)/*Lanham Act* § 43(a)];**<br>**(3) TRADEMARK DILUTION [15 U.S.C. § 1125(c)]; and**<br>**(4) UNFAIR BUSINESS PRACTICES [*CALIFORNIA BUSINESS & PROFESSIONS CODE* § 17200]**<br><br>**[DEMAND FOR JURY TRIAL]** |

COMES NOW, Plaintiff CREE, INC., ("Plaintiff") to hereby file its Complaint against SHELTER INTERNATIONAL, INC., a California Corporation; SHELTER DISTRIBUTORS, INC., a California Corporation; LAST PUNCH,

INC., a California Corporation d/b/a SUNNY & OMI SALES; LIFE GEARS ACCESSORIES, INC., a California Corporation; MUHAMMAD S. ARSHAD, an Individual; MUHAMMAD I. ARSHAD,  an Individual; and DOES 1-10, inclusive (collectively "Defendants").

## PARTIES

1.      Plaintiff is now, and was at the time of the filing of this Complaint and at all intervening times, a North Carolina corporation, having its principal place of business at 4600 Silicon Drive, Durham, North Carolina.  Plaintiff further owns and operates the Santa Barbara Technology Center, located at 340 Storke Road, Goleta, California, which conducts research and development, sales and clerical functions for Plaintiff.

2.      Plaintiff is informed and believes that SHELTER INTERNATIONAL, INC., was at the time of the filing of this Complaint and at all intervening times a business incorporated in the State of California.

3.      Plaintiff is informed and believes that SHELTER DISTRIBUTORS, INC., was at the time of the filing of this Complaint and at all intervening times a business incorporated in the State of California.

4.      Plaintiff is informed and believes that LAST PUNCH, INC., d/b/a SUNNY & OMI SALES, was at the time of the filing of this Complaint and at all intervening times a business incorporated in the State of California.

5.      Plaintiff is informed and believes that LIFE GEARS ACCESSORIES, INC., was at the time of the filing of this Complaint and at all intervening times a business incorporated in the State of California.

6.      Plaintiff is informed and believes that MUHAMMAD S. ARSHAD was at the time of the filing of this Complaint and at all intervening times an individual residing in the State of California and Chief Executive Officer and President of SHELTER INTERNATIONAL, INC.; SHELTER DISTRIBUTORS, INC.; LAST PUNCH, INC., d/b/a SUNNY & OMI SALES; and LIFE GEARS

ACCESSORIES, INC.

7.     Plaintiff is informed and believes that MUHAMMAD I. ARSHAD was at the time of the filing of this Complaint and at all intervening times an individual residing in the State of California and a manager of operations for SHELTER INTERNATIONAL, INC.; SHELTER DISTRIBUTORS, INC.; LAST PUNCH, INC., d/b/a SUNNY & OMI SALES; and LIFE GEARS ACCESSORIES, INC.

8.     Plaintiff is informed and believes that Defendants sell on www.ebay.com under many seller IDs, including but not limited to "newthings32," "newboxingworld," "cheapooutlet," "staylux," and "eliteblades."

9.     Plaintiff is informed and believes that Defendants also sell on www.amazon.com under many seller IDs, including but not limited to "Last World," "Last Punch," and "Life Gears."

10.     Plaintiff is informed and believes that Defendants own and operate various commerce-enabled websites, including but not limited to www.shelterdist.com, www.defenderknives.com, www.actionsportsca.com, www.yongtrading.com, www.crossbows2u.com, www.huntdown.net, www.goldstar1.com, www.hardedge.co, and www.perrinigears.com.

11.     Plaintiff is informed and believes that, at the time of its creation, now, and at all times relevant to this Complaint, Defendant SHELTER INTERNATIONAL, INC., did not and does not have sufficient funding to assume responsibility for its foreseeable and actual liabilities.

12.     Plaintiff is informed and believes that, at the time of its creation, now, and at all times relevant to this Complaint, Defendant SHELTER DISTRIBUTORS, INC., did not and does not have sufficient funding to assume responsibility for its foreseeable and actual liabilities.

13.     Plaintiff is informed and believes that, at the time of its creation, now, and at all times relevant to this Complaint, Defendant LAST PUNCH, INC., d/b/a

SUNNY & OMI SALES, did not and does not have sufficient funding to assume responsibility for its foreseeable and actual liabilities.

14.   Plaintiff is informed and believes that, at the time of its creation, now, and at all times relevant to this Complaint, Defendant LIFE GEARS ACCESSORIES, INC., did not and does not have sufficient funding to assume responsibility for its foreseeable and actual liabilities.

15.   Plaintiff is informed and believes that since the time of its creation, now, and at all times relevant to this Complaint, Defendant SHELTER INTERNATIONAL, INC., was undercapitalized.

16.   Plaintiff is informed and believes that since the time of its creation, now, and at all times relevant to this Complaint, Defendant SHELTER DISTRIBUTORS, INC., was undercapitalized.

17.   Plaintiff is informed and believes that since the time of its creation, now, and at all times relevant to this Complaint, Defendant LAST PUNCH, INC., d/b/a SUNNY & OMI SALES, was undercapitalized.

18.   Plaintiff is informed and believes that since the time of its creation, now, and at all times relevant to this Complaint, Defendant LIFE GEARS ACCESSORIES, INC., was undercapitalized.

19.   Plaintiff is informed and believes that since the time of its creation, now, and at all times relevant to this Complaint, Defendant SHELTER INTERNATIONAL, INC., has failed to observe corporate formalities required by law.

20.   Plaintiff is informed and believes that since the time of its creation, now, and at all times relevant to this Complaint, Defendant SHELTER DISTRIBUTORS, INC., has failed to observe corporate formalities required by law.

21.   Plaintiff is informed and believes that since the time of its creation, now, and at all times relevant to this Complaint, Defendant LAST PUNCH, INC.,

COMPLAINT FOR DAMAGES

1   d/b/a SUNNY & OMI SALES, has failed to observe corporate formalities required
2   by law.

3        22.    Plaintiff is informed and believes that since the time of its creation,
4   now, and at all times relevant to this Complaint, Defendant LIFE GEARS
5   ACCESSORIES, INC., has failed to observe corporate formalities required by law.

6        23.    Plaintiff further alleges, on information and belief, that Defendants
7   MUHAMMAD S. ARSHAD and MUHAMMAD I. ARSHAD are the alter egos of
8   Defendant SHELTER INTERNATIONAL, INC., and these individual Defendants
9   personally directed and benefited from the infringing activities of the business
10  Defendant.

11       24.    Plaintiff further alleges, on information and belief, that Defendants
12  MUHAMMAD S. ARSHAD and MUHAMMAD I. ARSHAD are the alter egos of
13  Defendant SHELTER DISTRIBUTORS, INC., and these individual Defendants
14  personally directed and benefited from the infringing activities of the business
15  Defendant.

16       25.    Plaintiff further alleges, on information and belief, that Defendants
17  MUHAMMAD S. ARSHAD and MUHAMMAD I. ARSHAD are the alter egos of
18  Defendant LAST PUNCH, INC., d/b/a SUNNY & OMI SALES, and these
19  individual Defendants personally directed and benefited from the infringing
20  activities of the business Defendant.

21       26.    Plaintiff further alleges, on information and belief, that Defendants
22  MUHAMMAD S. ARSHAD and MUHAMMAD I. ARSHAD are the alter egos of
23  Defendant LIFE GEARS ACCESSORIES, INC., and these individual Defendants
24  personally directed and benefited from the infringing activities of the business
25  Defendant.

26       27.    The true names and capacities, whether individual, corporate,
27  associate or otherwise, of Defendants herein named as DOES 1-10, inclusive, are
28  unknown to Plaintiff.  Plaintiff therefore sues said Defendants by such fictitious

5
**COMPLAINT FOR DAMAGES**

names. When the true names and capacities of said Defendants have been ascertained, Plaintiff will amend this pleading accordingly.

28. Plaintiff further alleges that SHELTER INTERNATIONAL, INC.; SHELTER DISTRIBUTORS, INC.; LAST PUNCH, INC., d/b/a SUNNY & OMI SALES; LIFE GEARS ACCESSORIES, INC.; MUHAMMAD S. ARSHAD; MUHAMMAD I. ARSHAD; and DOES 1-10, inclusive, sued herein by fictitious names, are jointly, severally and concurrently liable and responsible with one another upon the causes of action hereinafter set forth.

29. Plaintiff is informed and believes and thereon alleges that at all times mentioned herein SHELTER INTERNATIONAL, INC.; SHELTER DISTRIBUTORS, INC.; LAST PUNCH, INC., d/b/a SUNNY & OMI SALES; LIFE GEARS ACCESSORIES, INC.; MUHAMMAD S. ARSHAD; MUHAMMAD I. ARSHAD; and DOES 1-10, inclusive, and each of them, were the agents, servants and employees of every other Defendant and that the acts of each Defendant, as alleged herein, were performed within the course and scope of that agency, service or employment.

## JURISDICTION/VENUE

30. This Court has jurisdiction over the subject matter of the First, Second, and Third Cause of Action (violation of the *Lanham* Act) pursuant to 15 U.S.C. § 1121 and/or 28 U.S.C. §§ 1331 and/or 1338(a).

31. This Court has personal jurisdiction over Defendants as Defendants have committed the tortious activities of trademark infringement and unfair competition in this district and/or Defendants have sufficient minimum contacts with this district to such that the exercise of jurisdiction over Defendants by this Court does not offend traditional notions of fair play and substantial justice. Among other things, Defendants have advertised, offered to sell and sold products that infringe the trademarks of Plaintiff to consumers within this judicial district for Defendants' own commercial gain and have exploited California's extensive

marketplace, wherein Plaintiff maintains substantial business contacts and financial interests. Defendants have also offered to sell and actually sold counterfeit products (described more fully below) using interactive Internet websites and knowing or having reason to know that consumers throughout the United States, including within this judicial district, would purchase said counterfeit goods from Defendants, believing that they were authentic goods manufactured and distributed by Plaintiff or authorized manufacturers.

32.    Venue is proper in this district, *inter alia*, pursuant to 28 U.S.C. § 1391(b) because Plaintiff has a research and development facility located in this jurisdiction and, on information and belief, a substantial part of the events or omissions giving rise to these claims occurred in this judicial district, and has caused damage to Plaintiff in this district. The counterfeit CREE®-branded products were purchased from California and Defendants purposefully shipped the counterfeit products within California. Moreover, the counterfeit CREE®-branded products were paid for with funds from a financial institution in California, and one of the transactions was processed through PayPal, Inc., a company located in California. Defendants' actions within this district where Plaintiff also has business operations have directly interfered with and damage Plaintiff's business operations and harms Plaintiff's goodwill within this Venue.

## GENERAL ALLEGATIONS

### Plaintiff and their Well-Known CREE® Brand and Products

33.    Plaintiff was founded in 1987 as a manufacturer of silicon carbon (SiC) wafers. Building on its success with SiC, Plaintiff began developing innovative LEDs for use in a variety of applications and introduced numerous LEDs in the 1990s and 2000s.

34.    Plaintiff is a market-leading innovator in the design, development, manufacture, and sale of light emitting diodes ("LED"), lighting products using LEDs, semiconductor products for RF applications, and a variety of other products

COMPLAINT FOR DAMAGES

under various trademarks, including but not limited to the CREE® marks. Plaintiff's CREE®-branded products and marks have achieved great success since their introduction at least as of July 1990.

35.    Plaintiff's lighting and related products have earned a reputation for innovation, quality and performance. Plaintiff has spent substantial time, money and effort in developing consumer recognition and awareness of its CREE® marks and products.  Plaintiff has spent an enormous amount of money on print and Internet advertising in order to inform consumers of the benefits of Plaintiff's products and services.

36.    Through the extensive use of Plaintiff's marks, Plaintiff has built up and developed significant goodwill in its entire product line.  Wide arrays of newspapers, magazines and television networks have included advertising of Plaintiff's products, which are immediately identified by Plaintiff's marks.

37.    As a result of the quality and popularity of the CREE®-branded products, including Plaintiff's LED products, the CREE® marks have been prominently placed in the minds of the public. Consumers, purchasers and the members of the public have become familiar with Plaintiff's intellectual property and products, and have come to recognize the CREE® marks and products, and associate them exclusively with Plaintiff. Plaintiff has acquired a valuable reputation and goodwill among the public as a result of such association.  Indeed, the CREE® marks are famous in the United States and around the world.

38.    While Plaintiff has gained significant common law trademark and other rights in its CREE® products and services through its use, advertising and promotion, Plaintiff has also protected its valuable rights by filing for and obtaining numerous federal trademark registrations. This includes registration for the following non-exhaustive list of Trademarks (collectively referred herein as "CREE® Trademarks").  The registration certificates for the CREE® Trademarks are attached hereto as **Exhibits "A" – "DD,"** respectively:

A. CREE: USPTO Reg. No.: 2,440,530, Registered April 3, 2001, for electronic devices and materials, namely, optoelectronic devices, light emitting diodes, photodiodes, and silicon carbide semiconductor wafers;

B. CREE [AND DIAMOND DESIGN]: United States Patent and Trademark Office ("USPTO") Reg. No.: 2,452,761, Registered May 22, 2001, for electronic devices and materials, namely, optoelectronic devices, light emitting diodes, photodiodes, and silicon carbide semiconductor wafers;

C. CREE LEDS [AND DESIGN]: USPTO Reg. No.: 3,360,315, Registered December 25, 2007, for optoelectronic devices and materials, namely, light emitting diodes, packaged light emitting diodes, semiconductor devices that include semiconductor wafers, and electronic components, modules and subassemblies in the nature of light emitting diodes used for providing backlighting in liquid crystal display monitors, televisions, and related video displays;

D. CREE LED LIGHTING SOLUTIONS: USPTO Reg. No.: 3,526,887, Registered November 4, 2008, for light emitting diodes and light fixtures;

E. CREE LED LIGHTING [AND DIAMOND DESIGN]: USPTO Reg. No.: 3,891,756, Registered December 21, 2010, for light emitting diodes and light fixtures;

F. CREE LED LIGHTING: USPTO Reg. No.: 3,891,765, Registered December 21, 2010, for light emitting diodes and light fixtures;

G. CREE TRUEWHITE TECHNOLOGY [AND DIAMOND DESIGN]: USPTO Reg. No.: 4,286,398, Registered February 5, 2013, for light fixtures;

H. CREE TRUEWHITE TECHNOLOGY [AND DESIGN]: USPTO Reg. No.: 4,099,381, Registered February 14, 2012, for light fixtures;

I. CREE TRUEWHITE: USPTO Reg. No.: 4,029,469, Registered September 20, 2011, for light emitting diodes;

J. CREE TRUEWHITE: USPTO Reg. No.: 4,091,530, Registered January 24, 2012, for light emitting diode lighting fixtures and lighting fixtures;

K. CREE: USPTO Reg. No.: 3,935,628, Registered March 22, 2011, for diodes, transistors, semiconductor devices, semiconductor chips, and semiconductor wafers;

L. CREE: USPTO Reg. No.: 3,935,629, Registered March 22, 2011, for flashlights, light emitting diode lighting fixtures, light bulbs, lighting fixtures, and spotlights;

M. CREE: USPTO Reg. No.: 3,938,970, Registered March 29, 2011, for manufacturing services for others in the field of semiconductor devices, and technical support services, namely, providing technical advice related to the manufacture of semiconductor devices;

N. CREE: USPTO Reg. No.: 4,026,756, Registered September 13, 2011, for contract foundry design, testing and engineering services in the field of semiconductor materials and devices;

O. CREE [AND DIAMOND DESIGN]: USPTO Reg. No.: 3,935,630, Registered March 22, 2011, for diodes, transistors, semiconductor devices, semiconductor chips, semiconductor wafers;

P. CREE [AND DIAMOND DESIGN]: USPTO Reg. No.: 3,935,631, Registered March 22, 2011, for flashlights, light emitting diode lighting fixtures, light bulbs, lighting fixtures, and spotlights;

10

**COMPLAINT FOR DAMAGES**

Q. CREE [AND DIAMOND DESIGN]: USPTO Reg. No.: 3,938,971, Registered March 29, 2011, for manufacturing services for others in the field of semiconductor devices, and technical support services, namely, providing technical advice related to the manufacture of semiconductor devices;

R. CREE [AND DIAMOND DESIGN]: USPTO Reg. No.: 2,922,689, Registered February 1, 2005, for contract foundry design, testing and engineering support services in the field of semiconductor materials and devices;

S. CREE LED LIGHT [AND DIAMOND DESIGN]: USPTO Reg. No.: 3,327,299, Registered October 30, 2007, for optoelectronic devices and materials, namely light emitting diodes, photodiodes, packaged light emitting diodes, laser diodes, semiconductor devices that include semiconductor wafers, and electronic components, modules and subassemblies in the nature of light emitting diodes used for providing backlighting in liquid crystal display monitors, televisions, and related video displays;

T. [DIAMOND DESIGN]: USPTO Reg. No.: 3,998,141, Registered July 19, 2011, for diodes, transistors, semiconductor devices, semiconductor chips, and semiconductor wafers;

U. [DIAMOND DESIGN]: USPTO Reg. No.: 3,998,142, Registered July 19, 2011, for flashlights, light emitting diode lighting fixtures, light bulbs, lighting fixtures, and spotlights;

V. CREE [AND DESIGN]: USPTO Reg. No.: 4,233,855, Registered October 30, 2012, for light emitting diode lighting fixtures, light bulbs, lighting fixtures, and spotlights;

W. CREE [AND DESIGN]: USPTO Reg. No.: 4,234,124, Registered October 30, 2012, for light emitting diodes, photodiodes,

transistors, semiconductor devices, semiconductor chips, and semiconductor wafers;

X. CREE: USPTO Reg. No.: 4,641,937, Registered November 18, 2014, for apparatus and instruments for switching, transforming, regulating or controlling electricity; electrical integrated control systems for use in the fields of lighting, LED lighting, and security, electric switches, electrical controllers, electronic circuits and electric components for lighting, namely, electrical lighting controllers, electric light dimmers, sensors, electric transmitters and receivers for lighting; control software for lighting; wireless remote controls for lighting; calibration equipment, namely, sensors and electrical controllers for lighting; power supplies; electronic driver circuits; modules, namely, power modules and lighting modules and networking hardware, namely, lighting network hardware;

Y. CREE LEDS [AND DESIGN]: USPTO Reg. No.: 4,558,924, Registered July 1, 2014, for light emitting diode lighting fixtures, light bulbs, lighting fixtures, spotlights, lanterns, and headlamps;

Z. CREE: USPTO Reg. No.: 4,597,310, Registered September 2, 2014, for lighting design and lighting technology specification services pertaining to exterior and/or interior commercial, industrial, and/or residential applications;

AA. CREE [AND DESIGN]: USPTO Reg. No.: 4,597,311, Registered September 2, 2014, for lighting design and lighting technology specification services pertaining to exterior and/or interior commercial, industrial, and/or residential applications;

BB. CREE: USPTO Reg. No.: 4,767,107, Registered July 7, 2015, for downloadable webinars in the field of lighting, and for

educational services, namely, providing seminars and nondownloadable webinars in the field of lighting;

CC. CREE [AND DESIGN]: USPTO Reg. No.: 4,771,402, Registered July 14, 2015, for downloadable webinars in the field of lighting, and for educational services, namely, providing seminars and nondownloadable webinars in the field of lighting;

DD. CREE: USPTO Reg. No.: 4,787,288, Registered August 4, 2015, for shipping of lighting goods, and controls and accessories therefor.

39.    Plaintiff has never authorized or consented to Defendants' use of Plaintiff's CREE® Trademarks, or any confusingly similar marks by Defendants, nor has Plaintiff authorized Defendants to manufacture, copy, sell, import, market, or distribute any CREE® products.

## Defendants' Wrongful and Infringing Conduct

40.    Particularly in light of the success of Plaintiff and Plaintiff's products, as well as the reputation they have gained, Plaintiff and its products have become targets for unscrupulous individuals and entities that wish to take a free ride on its goodwill, reputation and fame.  Plaintiff has spent considerable effort and resources to build up its products and marks.

41.    A large number of these individuals and entities deal in pirated and counterfeit CREE®-branded products.  Their actions vary and include manufacturing, copying, exporting, importing, advertising, promoting, selling, and distributing counterfeit and otherwise unauthorized products.

42.    Defendants use, amongst other things, the Internet auction website known as eBay.com, owned by eBay, Inc., to sell and distribute products, including counterfeit hard goods bearing Plaintiff's Trademarks, described above, to consumers.  Buyers have the option to purchase items in an auction-style format where users bid on products, or items can be purchased at a fixed price through a

feature referred to as "Buy It Now."  Using another eBay feature referred to as "Feedback," users who have made a purchase on eBay are given the opportunity to post positive, neutral or negative reviews in relation to their buying experience. While Feedback can give some indication of sales volume, empirical evidence shows that actual sales far exceed the number of feedback entries a seller receives.

43.    Many of the online commercial transactions accomplished by sellers such as Defendants are accomplished through the PayPal service provided by PayPal, Inc.  Through PayPal, purchasers of products can transfer funds to sellers electronically and online, from any PayPal account to any other PayPal account.

44.    Both eBay, Inc., and PayPal, Inc., are headquartered in California. In order for individuals, including Defendants, to make use of eBay.com and PayPal services, sellers must agree to terms and conditions set forth in eBay and PayPal's User Agreements, as well as pay various fees associated with any listing or transaction accomplished through eBay and PayPal's services.

45.    Defendants own and operate their own interactive and commerce enabled websites, webpages and also sell through eBay.com.  Through their websites and the eBay auction sites, Defendants regularly and systematically advertised, marketed, distributed and sold products bearing unauthorized CREE® Trademarks.

46.    Through such business activities, Defendants purposely derived benefit from their interstate commerce activities by expressly targeting foreseeable purchasers in California. But for Defendants' advertising, soliciting and selling of counterfeit CREE® products, Plaintiff would not have been able to make a purchase of the subject products.

47.    On November 4, 2015, in its ongoing investigation of counterfeit sales of CREE® products, from the State of California, Plaintiff purchased a purported headlamp flashlight  bearing the brand "Hunt-Down" and the registered "Cree" trademark from Defendants' eBay auction site under the seller ID

1    "newboxingworld" for a cost of $19.71 charged to the PayPal electronic payment

2    account of Plaintiff's investigator.  A true and correct copy of the website purchase

3    receipt is attached hereto as **Exhibit "EE."**

4          48.    On December 4, 2015, in its ongoing investigation of counterfeit sales

5    of CREE® products, from the State of California, Plaintiff purchased 5 purported

6    Cree flashlights from Defendants' website, www.shelterdist.com, at a cost of

7    $126.22.  A true and correct copy of the website purchase receipt is attached hereto

8    as **Exhibit "FF."**

9          49.    On December 5, 2015, in its ongoing investigation of counterfeit sales

10   of CREE® products, from the State of California, Plaintiff purchased a purported

11   Cree flashlight from Defendants' eBay auction site under the seller ID

12   "newboxingworld" for a cost of $9.00 charged to the PayPal electronic payment

13   account of Plaintiff's investigator.  A true and correct copy of the website purchase

14   receipt is attached hereto as **Exhibit "GG."**

15         50.    All the flashlight products purchased from Defendants were inspected

16   to determine authenticity. The inspection of the purchased items confirmed that the

17   items Defendants sold to the investigator were in fact counterfeit CREE® products.

18         51.    By these sales and, on information and belief, Defendants' other

19   dealings in counterfeit products (including importing, advertising, displaying,

20   distributing, selling and/or offering to sell counterfeit and unauthorized products),

21   Defendants violated and continue to violate Plaintiff's exclusive rights in its

22   trademarked materials, goods and services, and use images and marks that are

23   confusingly similar to, identical to, and/or constitute counterfeit reproductions of

24   Plaintiff's trademarks to confuse consumers and aid in the promotion and sales of

25   its unauthorized product.  Defendants' conduct and use began long after Plaintiff's

26   adoption and use of its CREE® trademarks, after Plaintiff obtained the trademark

27   registrations alleged above, and after Plaintiff's marks became famous.  Indeed,

28   Defendants had knowledge of Plaintiff's ownership of the marks, and of the fame

1   in such marks, prior to the actions alleged herein, and adopted them in bad faith
2   and with the intent to cause confusion, tarnish, counterfeit and dilute Plaintiff's
3   marks and products.

4       52.     Neither Plaintiff nor any authorized agents have consented to
5   Defendants' use of Plaintiff's CREE® trademarks in the manner complained of
6   here.   Plaintiff has not endorsed any of Defendants' product illegally bearing
7   CREE® trademarks.  Moreover, Plaintiff has not endorsed the use of the CREE®
8   trademarks along with any other brands, causing a false designation of origin, false
9   endorsement, and false and deceptice advertising.

10      53.     Defendants' actions were committed in bad faith and with the intent to
11  dilute Plaintiff's marks, and to cause confusion and mistake, and to deceive the
12  consuming public and the public at large as to the source, sponsorship and/or
13  affiliation of Defendants, and/or Defendants' counterfeit and unauthorized goods.
14  By its wrongful conduct, Defendants have traded upon and diminished Plaintiff's
15  goodwill.

16      54.     In committing these acts, Defendants have, among other things,
17  willfully and in bad faith committed the following acts, all of which have and will
18  continue to cause irreparable harm to Plaintiff: (i) infringed, tarnished,
19  counterfeited and diluted Plaintiff's rights in the CREE® marks; (ii) applied
20  counterfeit marks; (iii) misled the public into believing there is an association or
21  connection between Defendants and Plaintiff and/or the products advertised and
22  sold by Defendants and Plaintiff; (iv) misled the public into believeing that
23  Plaintiff endorses Defendants' products; (v) used false designations of origin on or
24  in connection with its goods and services; (vi) committed unfair competition; (vii)
25  engaged in counterfeiting; and (viii) unfairly profited from such activity.  Unless
26  enjoined, Defendants will continue to cause irreparable harm to Plaintiff.

27

28

**FIRST CAUSE OF ACTION**

**(Infringement of Registered Trademarks Against Defendants**

**SHELTER INTERNATIONAL, INC., SHELTER DISTRIBUTORS, INC.,**

**LAST PUNCH, INC. d/b/a SUNNY & OMI SALES,**

**LIFE GEARS ACCESSORIES, INC., MUHAMMAD S. ARSHAD,**

**MUHAMMAD I. ARSHAD, and DOES 1 through 10, Inclusive)**

**[15 U.S.C. § 1114/*Lanham Act* § 32(a)]**

55.     Plaintiff hereby incorporates by reference each of the other allegations set forth elsewhere in this Complaint as though fully set forth in this cause of action.

56.     Plaintiff has continuously used its CREE® trademarks in interstate commerce.

57.     Plaintiff, as the owners of all right, title and interest in and to these trademarks, has standing to maintain an action for trademark infringement under the U.S. Trademark Statute, 15 U.S.C. § 1114.

58.     Defendants are, and at the time of their actions complained of herein were, actually aware that Plaintiff is the registered trademark holders of these CREE® marks.  (See **Exhibits "A" – "DD"**).

59.     Defendants did not and failed to obtain the consent or authorization of Plaintiff as the registered owner of the marks to deal in and commercially distribute, market and sell CREE® products bearing Plaintiff's asserted marks into the stream of commerce.

60.     Defendants intentionally and knowingly used in commerce the reproductions, counterfeits, copies, and/ or colorable imitations of Plaintiff's asserted marks in connection with the sale, offering for sale, distribution, or advertising of Defendant's goods by offering, advertising, promoting, retailing, selling, and distributing counterfeit CREE® products bearing the CREE® marks.

61.     Defendants reproduced, counterfeited, copied, and colorably imitated Plaintiff's registered CREE® Trademarks and applied such reproductions, counterfeits, copies, or colorable imitations to labels, signs, prints, packages, wrappers, receptacles and/or advertisements intended to be used in commerce upon or in connection with the sale, offering for sale, distribution, and/or advertising of goods.  Defendants thereupon offered, advertised, promoted, retailed, sold, and distributed counterfeit CREE® products bearing the CREE® asserted marks.

62.     Defendants' egregious and intentional use and sale of fake and counterfeit items bearing Plaintiff's trademarks is likely to cause confusion, or to cause mistake, or to deceive, mislead, betray, and defraud consumers who believe that Defendants' items are authentic products manufactured by Plaintiff.

63.     Defendants' acts have been committed with knowledge of Plaintiff's exclusive rights and goodwill in the marks, as well as with bad faith and the intent to cause confusion or to cause mistake and to deceive.

64.     Plaintiff has suffered and will continue to suffer substantial and irreparable injury, loss and damage to its rights in and to the CREE® Trademarks and the goodwill associated therewith, for which it has no adequate remedy at law; thus Plaintiff requests injunctive relief.

65.     Defendants' continued and knowing use of Plaintiff's asserted marks without Plaintiff's consent or authorization constitutes intentional infringement of Plaintiff's federally registered trademarks in violation of § 32 of the *Lanham Act*, 15 U.S.C. § 1114.  Based on such conduct, Plaintiff is entitled to injunctive relief as well as monetary damages, and other remedies provided by §§ 1116, 1117, and 1118, including Defendants' profits, treble damages, reasonable attorneys' fees, costs, statutory damages and/or prejudgment interest.

**SECOND CAUSE OF ACTION**

**(False Designation of Origin & Unfair Competition Against Defendants**

**SHELTER INTERNATIONAL, INC., SHELTER DISTRIBUTORS, INC.,**

**LAST PUNCH, INC. d/b/a SUNNY & OMI SALES,**

**LIFE GEARS ACCESSORIES, INC., MUHAMMAD S. ARSHAD,**

**MUHAMMAD I. ARSHAD, and DOES 1 through 10, Inclusive)**

**[15 U.S.C. § 1125(a)/*Lanham Act* § 43(a)]**

66.    Plaintiff hereby incorporates by reference each of the other allegations set forth elsewhere in this Complaint as though fully set forth in this cause of action.

67.    Plaintiff, as the owner of all common law right, title, and interest in and to the CREE® asserted marks, has standing to maintain an action for false designation of origin and unfair competition under the Federal Trademark Statute, *Lanham Act* § 43(a) (15 U.S.C. § 1125). Plaintiff's asserted marks are fanciful, inherently distinctive and/or have acquired distinctiveness.

68.    Defendants have without authorization, on or in connection with its goods and services, used in commerce marks that are confusingly similar to the asserted marks, and have made false designations of origin which are likely to cause confusion or cause mistake or to deceive as to the affiliation, connection or association of Defendants with Plaintiff, and as to the origin, sponsorship or approval of Defendants' goods or services or commercial activities.

69.    Neither Plaintiff nor any authorized agents have consented to Defendants' use of Plaintiff's CREE® trademarks in the manner complained of here.  Plaintiff has not endorsed any of Defendants' product illegally bearing CREE® trademarks.  Moreover, Plaintiff has not endorsed the use of the CREE® trademarks along with any other brands, causing a false designation of origin, false endorsement, and false and deceptice advertising.

19

**COMPLAINT FOR DAMAGES**

70.   Defendants' conduct described above violates the *Lanham Act*, and Defendants have unfairly competed with and injured and, unless immediately restrained, will continue to injure Plaintiff, causing damage to Plaintiff in an amount to be determined at trial, and will cause irreparable injury to Plaintiff's goodwill and reputation associated with the value of Plaintiff's mark.

71.   On information and belief, the conduct of Defendants has been knowing, deliberate, willful, intended to cause confusion, or to cause mistake or to deceive and in blatant disregard of Plaintiff's rights.

72.   Defendants knew, or by the exercise of reasonable care should have known, that their adoption and commencement of use in commerce and continuing use of marks that are confusingly similar to and constitute a counterfeit reproduction of Plaintiff's asserted marks would cause confusion, mistake, or deception among purchasers, users and the public.

73.   Defendants' egregious and intentional use and sale of fake, pirated and counterfeit items bearing Plaintiff's asserted marks unfairly competes with Plaintiff and is likely to cause confusion, mistake, or to deceive, mislead, betray, and defraud consumers to believe that the substandard imitations are genuine CREE® products.

74.   Defendants' continuing and knowing use of Plaintiff's asserted marks constitutes false designation of origin and unfair competition in violation of § 43(a) of the *Lanham Act*, 15 U.S.C. § 1125(a), causing Plaintiff to suffer substantial and irreparable injury for which it has no adequate remedy at law.

75.   Defendants' wrongful conduct has permitted or will permit it to make substantial sales and profits on the strength of Plaintiff's marketing, advertising, sales and consumer recognition.  As a direct and proximate result of Defendants' wrongful conduct, as alleged herein, Plaintiff has been and will be deprived of sales of its CREE® products in an amount as yet unknown but to be determined at trial, and has been deprived and will be deprived of the value of their marks as

1  commercial assets in an amount as yet unknown but to be determined at trial.
2  Plaintiff seek damages and an accounting of Defendants' profits, and requests that
3  the Court grant Plaintiff three times that amount in the Court's discretion.

4      76.    Based on Defendants' wrongful conduct, Plaintiff is entitled to
5  injunctive relief as well as monetary damages, and other remedies as provided by
6  the *Lanham Act*, including Defendants' profits, treble damages, reasonable
7  attorneys' fees, costs and prejudgment interest.

8  **THIRD CAUSE OF ACTION**
9  **(Dilution Against Defendants SHELTER INTERNATIONAL, INC.,**
10  **SHELTER DISTRIBUTORS, INC., LAST PUNCH, INC.**
11  **d/b/a SUNNY & OMI SALES, LIFE GEARS ACCESSORIES, INC.,**
12  **MUHAMMAD S. ARSHAD, MUHAMMAD I. ARSHAD,**
13  **and DOES 1 through 10, Inclusive)**
14  **[15 U.S.C. § 1125(c)]**

15      77.    Plaintiff hereby incorporates by reference each of the other allegations
16  set forth elsewhere in this Complaint as though fully set forth in this cause of
17  action.

18      78.    Plaintiff's asserted marks are distinctive and famous within the
19  meaning of the *Lanham Act*.

20      79.    Upon information and belief, Defendants' unlawful actions began
21  long after Plaintiff's mark became famous, and Defendants acted knowingly,
22  deliberately and willfully with the intent to trade on Plaintiff's reputation and to
23  dilute Plaintiff's asserted marks.  Defendants' conduct is willful, wanton and
24  egregious.

25      80.    Defendants' intentional sale of fake, pirated and counterfeit items
26  bearing Plaintiff's marks is likely to cause confusion, mistake, or to deceive,
27  mislead, betray, and defraud consumers to believe that the substandard imitations
28  are genuine CREE® products. The actions of Defendants complained of herein

21
**COMPLAINT FOR DAMAGES**

have diluted and will continue to dilute Plaintiff's asserted and other marks, and are likely to impair the distinctiveness, strength and value of Plaintiff's marks, and injure the business reputation of Plaintiff and their marks.

81.    Defendants' acts have caused and will continue to cause Plaintiff irreparable harm.  Plaintiff has no adequate remedy at law to compensate it fully for the damages that have been caused and which will continue to be caused by Defendants' unlawful acts, unless they are enjoined by this Court.

82.    As the acts alleged herein constitute a willful violation of § 43(c) of the *Lanham Act*, 15 U.S.C. § 1125(c), Plaintiff is entitled to injunctive relief as well as monetary damages and other remedies provided by 15 U.S.C. §§ 1116, 1117, 1118, and 1125(c), including Defendants' profits, actual and statutory damages, treble damages, reasonable attorney's fees, costs and prejudgment interest.

## FOURTH CAUSE OF ACTION

**(Unlawful, Unfair, Fraudulent Business Practices Against Defendants**
**SHELTER INTERNATIONAL, INC., SHELTER DISTRIBUTORS, INC.,**
**LAST PUNCH, INC. d/b/a SUNNY & OMI SALES,**
**LIFE GEARS ACCESSORIES, INC., MUHAMMAD S. ARSHAD,**
**MUHAMMAD I. ARSHAD, and DOES 1 through 10, Inclusive)**
**[*California Business & Professions Code* § 17200 *et seq.*]**

83.    Plaintiff hereby incorporates by reference each of the other allegations set forth elsewhere in this Complaint as though fully set forth in this cause of action.

84.    By marketing, advertising, promoting, selling and/or otherwise dealing in the counterfeit CREE® products, Defendants have engaged in unfair competition including unlawful, unfair and fraudulent business practices in violation of the *California Business and Professions Code* § 17200 *et seq.*

85.   Defendants' marketing, advertising, promoting, selling and/or otherwise dealing in the counterfeit CREE® products is in violation and derogation of Plaintiff's rights and is likely to cause confusion, mistake and deception among consumers and the public as to the source, origin, sponsorship, or quality of the goods of Defendants, thereby causing loss, damage and injury to Plaintiff and to the purchasing public.   Defendants' conduct was intended to cause such loss, damage and injury.

86.   Defendants knew, or by the exercise of reasonable care should have known, that their marketing, advertising, promoting, selling and/or otherwise dealing in and their continuing marketing, advertising, promoting, selling and/or otherwise dealing in the counterfeit product would cause confusion mistake or deception among purchasers, users and the public.

87.   By marketing, advertising, promoting, selling and/or otherwise dealing in and their continuing marketing, advertising, promoting, selling and/or otherwise dealing in counterfeit versions of Plaintiff's marks and products, Defendants intended to and did induce and intends to and will induce customers to purchase its products by trading off the extensive goodwill built up by Plaintiff in their marks.

88.   Upon information and belief, the conduct of Defendants has been knowing, deliberate, willful, intended to cause confusion, or to cause mistake or to deceive, and in disregard of Plaintiff's rights.

89.   Defendants' wrongful conduct, as alleged above, has permitted and will permit them to make substantial sales and profits on the strength of Plaintiff's nationwide marketing, advertising, sales and consumer recognition.   As a direct and proximate result of Defendants' wrongful conduct, as alleged herein, Plaintiff has been and will be deprived of substantial sales of its products in an amount as yet unknown but to be determined at trial, and has been and will be deprived of the value of its trademarks as commercial assets, in an amount as yet unknown but to

be determined at trial.  Plaintiff seeks restitution in this matter, including an order granting Defendants' profits stemming from its infringing activity, and its actual and/or compensatory damages.

90.    Plaintiff has no adequate remedy at law for Defendants' continuing violation of its rights set forth above.  Plaintiff seeks injunctive relief.

91.    Plaintiff further requests a court order that an asset freeze or constructive trust be imposed over all monies and assets in Defendants' possession that rightfully belong to Plaintiff.

WHEREFORE, Plaintiff CREE, INC., prays for judgment against Defendants SHELTER INTERNATIONAL, INC., SHELTER DISTRIBUTORS, INC., LAST PUNCH, INC. d/b/a SUNNY & OMI SALES, LIFE GEARS ACCESSORIES, INC., MUHAMMAD S. ARSHAD, MUHAMMAD I. ARSHAD, , and DOES 1 through 10, inclusive, and each of them, as follows:

1. For an award of Defendants' profits and Plaintiff's damages in an amount to be proven at trial for trademark infringement under 15 U.S.C. § 1114(a);

2. For an award of Defendants' profits and Plaintiff's damages in an amount to be proven at trial for false designation of origin and unfair competition under 15 U.S.C. § 1125(a);

3. For $2,000,000.00 per counterfeit mark per type of goods sold, offered for sale, or distributed under 15 U.S.C. § 1117(c).

4. For an award of Defendants' profits and Plaintiff's damages in an amount to be proven at trial for trademark dilution under 15 U.S.C. § 1125(c);

5. In the alternative to actual damages and Defendants' profits for the infringement and counterfeiting of Plaintiff's trademarks pursuant to the *Lanham Act*, for statutory damages pursuant to 15 U.S.C. § 1117(c), which election Plaintiff will make prior to the rendering of final judgment;

6.  For restitution in an amount to be proven at trial for unfair, fraudulent and illegal business practices under *Business and Professions Code* § 17200;

7.  For temporary, preliminary and permanent injunctive relief from this Court prohibiting Defendants from engaging or continuing to engage in the unlawful, unfair, or fraudulent business acts or practices described herein, including the advertising and/or dealing in any counterfeit product; the unauthorized use of any trademark; acts of trademark infringement or dilution; false designation of origin; unfair competition; and any other act in derogation of Plaintiff's rights;

8.  For an order from the Court requiring that Defendants provide complete accountings and for equitable relief, including that Defendants disgorge and return or pay their ill-gotten gains obtained from the illegal transactions entered into and or pay restitution, including the amount of monies that should have been paid if Defendants complied with their legal obligations, or as equity requires;

9.  For an order from the Court that an asset freeze or constructive trust be imposed over all monies and profits in Defendants' possession which rightfully belong to Plaintiff;

10. For destruction of the infringing articles in Defendants' possession under 15 U.S.C. § 1118;

11. For treble damages suffered by Plaintiff as a result of the willful and intentional infringements and acts of counterfeiting engaged in by Defendants, under 15 U.S.C. § 1117(b);

12. For damages in an amount to be proven at trial for unjust enrichment;

13. For an award of exemplary or punitive damages in an amount to be determined by the Court;

14. For Plaintiff's reasonable attorney's fees;

15. For all costs of suit;

16. For such other and further relief as the Court may deem just and equitable.

### DEMAND FOR JURY TRIAL

Plaintiff CREE INC., respectfully demands a trial by jury in this action pursuant to Local Rule 38-1.


DATED:  December 17, 2015            JOHNSON & PHAM, LLP


                                     By: /s/Christopher D. Johnson
                                     Christopher D. Johnson, Esq.
                                     Christopher Q. Pham, Esq.
                                     Marcus F. Chaney, Esq.
                                     Hung Q. Pham, Esq.
                                     Attorneys for Plaintiff
                                     CREE, INC.